## Harrison v. County of Lackawanna

*Thomas M. Hart*, for plaintiff.
*James J. Ligi*, for defendant.

COTTONE, *J.*, December 7, 1981—This matter comes before the court by way of plaintiff's petition for relief under the Declaratory Judgments Act, 42 Pa.C.S.A. §7531 et seq. (42 P.S. §7531 et seq.). Plaintiff seeks an order from this court declaring void an ordinance recently adopted by defendant, County of Lackawanna, which would allow the

county or its legally authorized designee, to collect its taxes from its county residents.

The county taxes are currently being collected in Lackawanna County by the local elected tax collectors of the 38 boroughs and townships of Lackawanna County. On February 13, 1981, the county adopted Ordinance no. 14 which, inter alia, declared that the county would collect its own taxes through its own agency or designee starting January 1, 1982. It also repealed the ordinance of February 13, 1973, which set the commissions and ceiling of total commissions for tax collectors in the 38 boroughs and townships in the county. Shortly thereafter, plaintiff, a duly elected tax collector of Archbald Borough, filed this action in declaratory judgment against the county seeking to have Ordinance no. 14 declared void on the ground that the county failed to comply with Section 1-303 of the Home Rule Charter and Optional Plans Law,* in that the county failed to file a copy of the ordinance with the Clerk or Secretary of the municipality (borough and township) within 30 days of its enactment.

Section 1-303 of the Home Rule Charter, supra, note 1, provides in pertinent part:

"No County which has adopted a Home Rule Charter shall at any time thereafter exercise within any municipality in the county, a power or function being exercised by that municipality, except under all of the following conditions:

"(1) The exercise of such . . . function by the County shall be authorized by ordinance . . . which ordinance . . . shall, within thirty days . . . be filed

*The Home Rule Act of April 13, 1972, P.L. 62 §303, as amended, Nov. 28, 1973, P.L. 134 §1.

with the clerk or secretary of each local municipality within the County.

"(2) The transfer of a . . . function to the County from any local municipality within the county as authorized by such ordinance, shall not become effective for at least fifteen months from the date of adoption . . . . "

In support of his position, plaintiff further avers that the collection of county taxes by the local elected tax collector is a function which is currently being exercised by the 38 boroughs and townships in Lackawanna County. On the other hand, defendant takes the position that, in the instant case, section 1-303 of the Charter, as is stated above, does not apply because the collection of county taxes by the local elected tax collector is not considered a function which is currently being exercised by the 38 boroughs and townships in Lackawanna County. At the oral argument before this court on November 19, 1981, both parties, through their respective counsels, agreed that the sole issue to be decided by this court is whether or not the collection of county taxes by the local tax collector is considered a function which is currently being exercised by the 38 boroughs and townships of Lackawanna County and requested this court to dispose of the matter by declaratory judgment.

Section 7533 of the Declaratory Judgments Act, 42 Pa.C.S.A. §7533 (42 P.S. §7533) provides in pertinent part:

"Any person . . . whose rights, status, or other legal relations are affected by a statute, [or] municipal ordinance, . . . may have determined any question of construction . . . arising under the statute [or] ordinance, . . . and obtain a declaration of rights, status, or other legal relations thereunder."

From a recitation of the above factual situation, this court is satisfied that it has jurisdiction and power under Section 7533 of the Declaratory Judgments Act, supra, to make a final determination on the specific issue which is currently before this court and will proceed to do so.

A review of the Home Rule Charter indicates that the term "municipal function" is nowhere defined in the act. Nevertheless, after carefully considering the arguments raised by both parties in their briefs and in their oral argument which was heard before this court, we are of the opinion that the collection of county taxes by a local elected tax collector is *not* a borough and township function.

An examination of the Borough Code (53 P.S. §46001); the Second Class Township Code (53 P.S. §65101); First Class Township Code (53 P.S. §55101); Cities of the First Class Code (53 P.S. §12101); Cities of the Second Class Code (53 P.S. §22101); Cities of the Second Class Code A (53 P.S. §30101); and Cities of the Third Class Code (53 P.S. §35101) do not provide, as a specific power or corporate power, for the collection of county taxes. In all instances, it is the duly elected tax collector by statutory provision or the Township or City Treasurer by authorization from the county to collect the county taxes. Furthermore, we are unable to find any law or statute which imposes a legal responsibility on a borough or township for the collection of county taxes. The power to levy county taxes is vested in the County Commissioners. Currently, and in the past, the Lackawanna County Commissioners have exercised this power to levy taxes and have delivered a tax duplicate to the 38 elected tax collectors in their respective municipalities who perform the function of collection. The function of tax collection within that tax levy is vested in the tax collector. A

tax collector, a duly elected local official of each municipality, is responsible for collecting taxes for three separate taxing districts, i.e., the school district, the county, and the municipality (boroughs and townships). He is further required to provide a bond to each taxing district and is responsible only to each taxing district for the collection of its taxes and to account therefor. Consequently, when a duly elected tax collector is collecting taxes from the county residents within his specific borough or township, we fail to see how this act could be labeled a borough or township function. The tax collector need only account to the County Commissioners in this regard and the collection of these taxes are being made solely on behalf of the county. The borough or township has no responsibility for the county tax collections and has had no authority over the tax collector in his duties when he was collecting the county taxes.

For the foregoing reasons, we are of the opinion that the collection of county taxes by a local tax collector is not a borough or township function which would require the county to comply with section 1-303 of the Home Rule Charter, supra, which would require the filing of a copy of the ordinance with the Clerk or Secretary of the borough and township within 30 days of enactment. We will, therefore, dismiss plaintiff's complaint.

## ORDER

And now, December 7, 1981, the court finds that there exists an actual controversy, the resolution of which depends upon a question of law and, therefore, in accordance with the Declaratory Judgments Act, finds and holds that the collection of county taxes by a local tax collector is not a borough or

township function which would require the county to comply with the provisions of the Home Rule Charter in which requires the filing of a copy of the ordinance with the Clerk or Secretary of the boroughs and townships of Lackawanna County within 30 days of its enactment and, therefore,

It is hereby ordered and directed that plaintiff's complaint be dismissed.